James K. Schultz, Esq. (SBN 309945)
Kenneth A. Ohashi, Esq. (SBN 230440)
SESSIONS ISRAEL & SHARTLE, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   877/334-0661
jschultz@sessions.legal
kohashi@sessions.legal

Attorneys for Defendant Credence Resource Management, LLC

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| JESSICA REYNOLDS, | ) | Case No.: 4:24-cv-02638-WHA |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT CREDENCE |
| vs. | ) | RESOURCE MANAGEMENT, LLC'S |
| | ) | ANSWER TO COMPLAINT |
| CREDENCE RESOURCE MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Defendant, Credence Resource Management, LLC (CRM), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Jessica Reynolds ("Plaintiff"), and states:

**NATURE OF THE ACTION**

1. CRM admits that Plaintiff purports to have filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ.

1

Code § 1788 *et seq.*, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, CRM denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2. CRM denies the allegations in ¶ 2 as calling for a legal conclusion.

3. CRM denies the allegations in ¶ 3 as calling for a legal conclusion.

## PARTIES

4. CRM admits Plaintiff is a natural person. Except as specifically admitted, CRM denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. CRM admits that it is an entity whose business involves the collection of past due accounts in various states including California, and that it has an office located at 4222 Trinity Mills, Suite 260, Dallas, Texas 75287. Except as specifically admitted, CRM denies the allegations in ¶ 5 as calling for a legal conclusion.

6. CRM denies the allegations in ¶ 6 as calling for a legal conclusion, and for lack of knowledge or information sufficient to form a belief therein.

## FACTS SUPPORTING CAUSES OF ACTION

7. CRM admits that Plaintiff's lawsuit concerns CRM's collection activity in relation to a medical account debt. Except as specifically admitted, CRM denies the allegations in ¶ 7 as calling for a legal conclusion.

8. CRM denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. CRM admits that the creditor for the subject account placed the account in Plaintiff's name for collection with CRM following the creditor's determination that Plaintiff had defaulted on making payments toward the account. Except as specifically admitted, CRM denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. CRM denies the allegations in ¶ 10. Instead, the subject defaulted debt was not placed with CRM until about February 7, 2024.

11.     CRM denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.  That said, CRM is informed and believes that the number ending -0888 was a proper contact number to reach Plaintiff regarding the subject T-Mobile account.

12.     CRM admits that it has used the phone number (510) 826-1559 and other numbers during the course of its business.  Except as specifically admitted, denies the allegations in ¶ 12, for lack of information provided in the allegation sufficient to form a belief therein.

13.     CRM denies the allegations in ¶ 13.

14.     CRM denies the allegations in ¶ 14.

15.     CRM denies the allegations in ¶ 15.  CRM complied with Plaintiff's request to cease further calls to her on 2/21/2024.

16.     CRM denies the allegations in ¶ 16.

17.     CRM denies the allegations in ¶ 17.

18.     CRM denies the allegations in ¶ 18.

19.     CRM denies the allegations in ¶ 19.

20.     CRM denies the allegations in ¶ 20.

21.     CRM denies the allegations in ¶ 21.

22.     CRM denies the allegations in ¶ 22.

### COUNT I – ALLEGED VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.     CRM reasserts the foregoing as if fully stated herein.

24.     CRM denies the allegations in ¶ 24 as calling for a legal conclusion.

25.     CRM admits that a portion of its business involves the collection of past due accounts owed to another and that it uses the mail and telephones in that business. Except as specifically admitted, CRM denies the allegations in ¶ 25 as calling for a legal conclusion.

26.     CRM admits that it has identified itself as a debt collector, although

3

1 CRM otherwise denies the allegations in ¶ 26 as calling for a legal conclusion.

2     27.    CRM denies the allegations in ¶ 27 as calling for a legal conclusion
3 and for lack of knowledge or information sufficient to form a belief therein.

4 **a.**    **Alleged Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14**

5     28.    CRM denies the allegations in ¶ 28 to the extent they misstate,
6 misconstrue or misrepresent the statutory provisions cited therein.

7     29.    CRM denies the allegations in ¶ 29 to the extent they misstate,
8 misconstrue or misrepresent the regulatory provision cited therein.

9     30.    CRM denies the allegations in ¶ 30 to the extent they misstate,
10 misconstrue or misrepresent the statutory provision cited therein.

11     31.    CRM denies the allegations in ¶ 31.

12 **b.**    **Alleged Violations of FDCPA § 1692e**

13     32.    CRM denies the allegations in ¶ 32 to the extent they misstate,
14 misconstrue or misrepresent the statutory provision cited therein.

15     33.    CRM denies the allegations in ¶ 33 to the extent they misstate,
16 misconstrue or misrepresent the statutory provisions cited therein.

17     34.    CRM denies the allegations in ¶ 34.

18 **c.**    **Alleged Violations of FDCPA § 1692f**

19     35.    CRM denies the allegations in ¶ 35 to the extent they misstate,
20 misconstrue or misrepresent the statutory provision cited therein.

21     36.    CRM denies the allegations in ¶ 36.

22     37.    CRM denies the allegations in ¶ 37.

23 <center>**PRAYER FOR RELIEF**</center>

24 In response to the paragraph beginning with WHEREFORE, CRM denies
25 that Plaintiff is entitled to the relief sought, including its subparts (a) through (f).

26 <u>**COUNT II – ALLEGED VIOLATIONS OF THE ROSENTHAL FAIR DEBT**</u>
27 <u>**COLLECTION PRACTICES ACT**</u>

28     38.    CRM reasserts the foregoing as if fully stated herein.

39. CRM denies the allegations in ¶ 39 as calling for a legal conclusion.

40. CRM denies the allegations in ¶ 40 as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief therein.

41. CRM denies the allegations in ¶ 41 as calling for a legal conclusion.

a. **Alleged Violations of RFDCPA § 1788.10-1788.17**

42. CRM denies the allegations in ¶ 42 to the extent they misstate, misconstrue or misrepresent the statutory provision cited therein.

43. CRM denies the allegations in ¶ 43.

44. CRM denies the allegations in ¶ 44.

## PRAYER FOR RELIEF

In response to the paragraph beginning with WHEREFORE, CRM denies that Plaintiff is entitled to the relief sought, including its subparts (a) through (f).

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

CRM alleges that Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a mandatory arbitration agreement. Therefore, CRM reserves the right to compel contractual arbitration of this matter.

## THIRD AFFIRMATIVE DEFENSE

CRM alleges, that to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

CRM alleges that Plaintiff suffered no concrete injury sufficient to support his standing to pursue his claims under Article III of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

CRM alleges, assuming that Plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## SIXTH AFFIRMATIVE DEFENSE

CRM alleges Plaintiff consented to the conduct for which he seeks relief.

WHEREFORE, CRM respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;
2. Judgment of dismissal be entered in favor of CRM;
3. CRM be awarded costs and attorney's fees it has incurred in defending this lawsuit.
4. CRM be granted such other and further relief as the Court deems just and proper.

Dated: 7/12/24                              SESSIONS, ISRAEL & SHARTLE, L.L.P.

   */s/ Kenneth A. Ohashi*
   Kenneth A. Ohashi
   Attorney for Defendant
   Credence Resource Management, LLC