**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor (State Bar No. 332334)
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| JESSICA REYNOLDS, | Case Number: 4:24-cv-02638-WHA |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | |
| CREDENCE RESOURCE MANAGEMENT, LLC | |
| Defendant. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for

*Form updated May 2018*

Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. There are no issues that exist regarding personal jurisdiction or venue. All parties in this matter have been served.

2. **Facts** – *A brief chronology of the facts and statement of the principal factual issues in dispute.*

   **Plaintiff's Statement**: Plaintiff alleges that Defendant violated the FDCPA and the RFDCPA by harassing and repeated phone calls after Plaintiff clearly informed Defendant of her financial hardships and further demanded that Defendant stop calling her. Defendant continued to contact Plaintiff, in complete disregard of her requests not to do so. Plaintiff asked many times that calls cease, to no avail.

   **Defendant's Statement**: On 2/7/2024, Plaintiff's account balance of $2,357.19 owed to Pendrick Capital Partners, LLC was placed with Defendant for collection. Plaintiff's claims for alleged harassing collection calls on the subject account is meritless because Defendant placed a total of only 6 calls to the subject phone number ending -0888 during a brief period of 2/14/2024 through 2/21/2024. Plaintiff did not answer any of those calls except for the last one on 2/21/2024, when she requested that Defendant to cease further calls to her – a request which Defendant complied with immediately, ceasing all further calls on the Pendrick Capital account. If Plaintiff did receive any calls from Defendant in or before December 2023 as she alleges in the Complaint, then those calls would have concerned a completely different account(s) – account(s) on which she *never* requested Defendant to cease calls. In short, there is no evidence of any harassment by Defendant during the brief collection period for the Pendrick Capital; nor is there any evidence of any intent to harass or abuse Plaintiff in relation to its collection activity on the account.

3. **Legal Issues** – *A brief statement, without extended legal argument, of the disputed points*

*Form updated May 2018*

*of law, including reference to specific statutes and decisions.*

**Plaintiff**: Whether Defendant's harassing and repeated phone calls after Plaintiff informed Defendant of her financial hardship and demanded that Defendant not contact her were violations of the FDCPA and RFDCPA.

**Defendant**: (1) Whether Plaintiff was a "consumer" subject to the protections of the FDCPA and/or RFDCPA; (2) Whether the debt is a "consumer debt" subject to the FDCPA and/or RFDCPA; (3) Whether Defendant violated the FDCPA or RFDCPA by placing harassing calls to Plaintiff with a specific intent to engage in the alleged harassment; (4) Whether any violation by Defendant of either the FDCPA or RFDCPA is exonerated because it was the result of an unintentional error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error; (5) Whether Plaintiff has suffered a concrete injury sufficient to confer standing under Article III of the United States Constitution.

4. **Motions** – *All prior and pending motions, their current status, and any anticipated motions.*

   **Plaintiff**:  None at this time.

   **Defendant**:  Defendant contemplates the filing of a motion for summary judgment if the Parties are unable to reach a settlement of the matter at an earlier time.

5. **Amendment of Pleadings** – *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*
   **Proposed Deadline:** October 1, 2024

6. **Evidence Preservation** – *A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02,*

*and Checklist for ESI Meet and Confer.*

**Parties Statement:** The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preserving evidence. If any ESI is exchanged, .pdf will be the default format (where applicable) unless native format is requested.

7. **Disclosures** – *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

   **Parties' Statement:** Disclosures have not yet been served by either party, however Plaintiff and Defendant anticipate filing their disclosures within the next 7 days.

8. **Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

   **Parties' Statement:** Discovery has not yet been served by either party, but the Parties' anticipates serving their discovery requests within the next 21 days.

9. **Class Actions** – *If a class action, a proposal for how and when the class will be certified.*
   Not applicable.

10. **Related Cases** – *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*
    None.

11. **Relief** – *All relief sought through complaint or counterclaim, including the amount of any*

*damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiff's Statement:** Plaintiff seeks statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b), actual damages pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civ. Code § 1788.30(a), and costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

**Defendant's Statement:**  Defendant has not filed any counterclaim and does not claim damages in this case, but reserves its rights to seek its costs, and attorney's fees upon a finding of bad faith in the filing of this action pursuant to the FDCPA and RFDCPA.  15 U.S.C. § 1692k(a)(3); Civ. Code § 1788.30(c).

12. **Settlement and ADR** – *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff has tendered a settlement demand to Defendant and the Parties are discussing same. The Parties request ADR No. 3 – Settlement Conference with a Magistrate Judge. The Parties propose a deadline of **February 4, 2025**

13. **Consent to Magistrate Judge For All Purposes** – *Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

    \_\_\_\_ YES    \_\_X\_\_ NO

14. **Other References** – *Whether the case is suitable for reference to binding arbitration, a*

*Form updated May 2018*

*special master, or the Judicial Panel on Multidistrict Litigation.*

**Parties Statement:** The parties do not agree that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues** – *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

None at this time.

16. **Expedited Trial Procedure** – *Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This case cannot be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. **Scheduling** – *Proposed dates for completion of initial ADR session, designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial.*
    **Initial ADR Session**: December 5, 2024
    **Designation of Experts**: October 1, 2024
    **Discovery Cut-off**: December 3, 2024
    **Hearing of Dispositive Motions**: January 2, 2025
    **Pre-Trial Conference**: March 25, 2025
    **Trial**: April 2025

18. **Trial** – *Whether the case will be tried to a jury or to the court and the expected length of*

*Form updated May 2018*

*the trial.*

This case will be tried by a jury. The expected length of trial is two (2) days.

19. **Disclosure of Non-party Interested Entities or Persons** – *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

    **Parties' Statement:** The parties have not yet filed their Certificate of Interested Parties, but plan to do so within the next 14 days.

20. **Professional Conduct** – *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

    **Parties' Statement:** All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other** – *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*
    The Parties will submit a Proposed Stipulated Protective order for the Court's approval to facilitate the exchange of private, confidential, or otherwise commercially-sensitive information of the Parties in discovery.

Dated: July 24, 2024

Respectfully submitted,

By: /s/ Alexander J. Taylor
Alexander J. Taylor (Bar No. 332334)

*Form updated May 2018*

**SULAIMAN LAW GROUP, LTD**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Email: ataylor@sulaimanlaw.com
Attorney for Plaintiff

*/s/  Kenneth A. Ohashi_(with consent)*
Kenneth A. Ohashi
James K. Schultz
*Counsel for Defendant*
Sessions Israel & Shartle, L.L.P.
1550 Hotel Circle North, Suite 260
San Diego, CA 92108-3426
jschultz@sessions.legal
kohashi@sessions.legal

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated May 2018*